**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
:
PATRICK WEST,                       :
                                    :  Civil Action No. 11-7170 (RBK)
            Petitioner,             :
                                    :
      v.                            :       **O P I N I O N**
                                    :
J.L. NORWOOD, et al.,               :
                                    :
            Respondents.            :
_____ :


**APPEARANCES:**

Patrick West, <u>Pro</u> <u>Se</u>
51719-037
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640


**KUGLER, District Judge**

  Petitioner Patrick West, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus, pursuant to 28

U.S.C. § 2241.[1]  Petitioner also filed a motion, which remains pending (docket entry 3).  For the following reasons, the petition will be dismissed.

### BACKGROUND

Petitioner is currently serving a 51-month sentence for conspiracy and possession with intent to distribute heroin, imposed by the United States District Court, District of Maryland, on March 25, 2011.  (Petition, ¶¶ 2-5).

Petitioner argues that he was improperly designated and classified by Fort Dix staff and administrators.  (Pet., ¶ 10a).  He also alleges that staff "has refused to properly treat and care for Petitioner in spite of the numerous requests for proper treatment."  He alleges that he suffers from post-traumatic stress disorder, is bi-polar, and has high blood pressure.  Petitioner does not specify the treatment he is receiving or why he alleges it is inadequate.  (Pet., ¶ 10b).  Petitioner also argues that he is being retaliated against "for being persistent

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
    * * *
(c) The writ of habeas corpus shall not extend to a prisoner unless-... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ....

in Petitioner's requests and demands to have his issues relating to designation and placement and medical needs properly addressed and resolved." (Pet., ¶ 10c). Finally, Petitioner argues that he has been denied participation in the Residential Drug Abuse Program ("RDAP").

On April 3, 2012, Petitioner filed a "Motion to Show Cause" (docket entry 3). The Motion asks this Court to rule on his petition. He has also sent a letter to the Court concerning his RDAP issues. (Docket entry 4). Petitioner states in his letter to the Court that he was transferred to FCI Fort Dix to participate in RDAP. Although he was recommended for the RDAP, he "withdrew from because the program wasn't allowing me to earn the full benefits allowed to individuals according to BOP policy." Petitioner asserts that he "withdrew from the RDAP program and I am no longer eligible to move to the RDPA Building; plus my name has been removed from the waiting list. According to BOP policy, I should be sent back to the facility in which I came from," or at least, he argues, a minimum security facility (docket entry 4). Thus, Petitioner appears to challenge the fact that since his withdrawal from RDAP, he hasn't been transferred back to a minimum security facility.

**DISCUSSION**

**A.     Jurisdiction**

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 544 U.S. 74 (2005).  In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action.  See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein.  See also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237 (3d Cir. 2005) (challenge to regulations limiting pre-release transfer to community corrections centers properly brought in habeas); Macia v. Williamson, 2007 WL 748663 (3d Cir. 2007) (finding habeas jurisdiction in challenge to disciplinary hearing that resulting in sanctions including loss of good-time credits, disciplinary segregation, and disciplinary transfer).

The Court of Appeals for the Third Circuit has held that habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence.  See Coady

4

v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that federal prisoners may challenge the denial of parole under § 2241); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (challenge to BOP refusal to consider prisoner's request that state prison be designated place for service of federal sentence).

The Court of Appeals has noted, however, that "the precise meaning of 'execution of the sentence' is hazy." Woodall, 432 F.3d at 237. Distinguishing Woodall, the Court of Appeals has held that a challenge to a garden-variety transfer is not cognizable in habeas. See Ganim v. Federal Bureau of Prisons, 235 Fed. Appx. 882, 2007 WL 1539942 (3d Cir. 2007).

Likewise, challenges to conditions of confinement are not cognizable in a habeas action. The Court of Appeals for the Third Circuit has explained that:

> whenever the challenge ultimately attacks the "core of habeas"- the validity of the continued conviction or the fact or length of the sentence- a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

In this case, Petitioner's claims requesting a transfer to a minimum security facility, and his claims concerning medical care and retaliation are not properly asserted in this § 2241 action,

as they would not alter his sentence or undo his conviction. Therefore, the petition must be dismissed for lack of jurisdiction. Petitioner is free to raise his claims in a civil complaint filed under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971), or in an action under the Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202.

**B.    Petitioner's Claims**

Although this Court is dismissing this action for lack of jurisdiction, Petitioner should note the following.

With respect to convicted and sentenced prisoners, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976), quoted in Hewitt v. Helms, 459 U.S. 460, 468 (1983), and Sandin v. Conner, 515 U.S. 472, 480 (1995).

Governments may confer on prisoners liberty interests that are protected by the Due Process Clause. "But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on

the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484 (finding that disciplinary segregation conditions which effectively mirrored those of administrative segregation and protective custody were not "atypical and significant hardships" in which a state conceivably might create liberty interest). See also Asquith v. Department of Corrections, 186 F.3d 407, 411-12 (3d Cir. 1999) (return to prison from halfway house did not impose "atypical and significant hardship" on prisoner and, thus, did not deprive him of protected liberty interest).

It is well-established that a prisoner possesses no liberty interest arising from the Due Process Clause in a particular custody level or place of confinement. See, e.g., Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Hewitt, 459 U.S. at 466-67; Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montanye, 427 U.S. at 242. Therefore, Petitioner's request to be transferred appears to be meritless.

Petitioner's vague allegations that he is being denied "proper" medical treatment while housed at FCI Fort Dix.  (Pet., ¶ 10b), and that he is being retaliated against, also are not sufficient, as pled in this petition, to warrant relief.

To sustain a medical care claim, Petitioner must allege, in a civil complaint, that (1) he had a serious medical need; and

(2) the behavior on the part of prison officials that constituted deliberate indifference to that need. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

To prevail on a retaliation claim in a civil complaint, Petitioner must demonstrate that (1) he engaged in constitutionally-protected activity; (2) he suffered, at the hands of a state actor, adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;" and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)).

## CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is hereby dismissed, for lack of jurisdiction. Petitioner's pending motion shall be dismissed as moot.

An appropriate Order accompanies this Opinion.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: July 9, 2012